# UNITED STATES DISTRICT COURT
### OFFICE OF THE CLERK
### DISTRICT OF KANSAS

259 ROBERT J. DOLE U.S. COURTHOUSE
500 STATE AVENUE
KANSAS CITY, KS 66101

**SKYLER B. O'HARA**
CLERK
E-MAIL: Skyler_OHara@ksd.uscourts.gov
(913) 735-2220

204 U.S.COURTHOUSE
401 N. MARKET
WICHITA, KS 67202

October 3, 2025

**KIM LEININGER**
CHIEF DEPUTY CLERK
E-MAIL: Kim_Leininger@ksd.uscourts.gov
(913) 735-2205

490 U.S.COURTHOUSE
444 NE QUINCY
TOPEKA, KS 66683

**SEE NOTICE OF ELECTRONIC FILING**

Retained Counsel Appeal

RE:  Spiehs v. Morgan et al.

District Court Case No.:    24-cv-4016-JAR

Notice of Appeal filed by:  Plaintiff

Fee Status:                 Paid

      The following documents are for the parties in connection with the Notice of Appeal: Notice of Appeal and Copy of the Docket Sheet.

      **RETAINED** Counsel for the appellant is instructed to download the "**Initial Appeal Documents and Instructions**" for this appeal from www.ca10.uscourts.gov. In addition, counsel will need to download the "Designation of Record" form from the Tenth Circuit website. Please follow the instructions for Transcript Order Form (for Appellant only) and Docketing Statement (for Appellant only) regarding Counsel's responsibility for compliance. For specific requirements concerning transcripts, records on appeal, briefs, and appendices to briefs, please refer to the Federal Rules of Appellate Procedure and the Rules of the Tenth Circuit Court of Appeals. Rules of the Tenth Circuit are available at www.ca10.uscourts.gov.

      If you have any questions, please contact the Office of the Clerk of the U.S. Court of Appeals in Denver, Colorado at (303)844-3157.

Sincerely,
SKYLER B. O'HARA
CLERK OF COURT

By: _____s/ M. Stamper_____
           Deputy Clerk

Cc: Clerk, U.S. Court of Appeals
      (Notice of Appeal, Docket Sheet, & Preliminary Record)

CLOSED,APPEAL,ETT−4D,PROTO

# U.S. District Court
## DISTRICT OF KANSAS (Topeka)
## CIVIL DOCKET FOR CASE #: <u>5:24−cv−04016−JAR</u>

Spiehs v. Morgan et al
Assigned to: District Judge Julie A. Robinson
Case in other court:  Kansas, 5:23−cv−04107
Cause: 42:1983 Civil Rights Act

Date Filed: 02/21/2024
Date Terminated: 09/03/2025
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Justin Spiehs**                     represented by     **Linus L. Baker**
Linus L. Baker
6732 West 185th Terrace
Stillwell, KS 66085−8922
913−486−3913
Fax: 913−232−8734
Alternative Phone:
Cell Phone:
Email: linusbaker@prodigy.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 18197*
*Bar Status: Active*

V.

**Defendant**

**Board of Directors of the Free Public**     represented by     **Katherine Sittenauer**
**Library of the City of Lawrence,**                            Fisher, Patterson, Sayler & Smith, LLP −
**Kansas**                                                      Topeka
3550 SW Fifth Street
Topeka, KS 66606
785−232−7761
Alternative Phone:
Cell Phone:
Email: ksittenauer@fpsslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 29903*
*Bar Status: Active*

**Samuel A. Green**
Fisher, Patterson, Sayler & Smith, LLP −
Topeka
3550 SW Fifth Street
Topeka, KS 66606
785−232−7761

1

Fax: 785–286–6614
Alternative Phone:
Cell Phone:
Email: sgreen@fpsslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 24221*
*Bar Status: Active*

**Defendant**

**Kathleen Morgan**                          represented by   **Katherine Sittenauer**
*in her individual capacity as Director of*                   (See above for address)
*Development & Community Partnerships*                        *LEAD ATTORNEY*
*for the Lawrence Public Library*                             *ATTORNEY TO BE NOTICED*
                                                              *Bar Number: 29903*
                                                              *Bar Status: Active*

                                                              **Samuel A. Green**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*
                                                              *Bar Number: 24221*
                                                              *Bar Status: Active*

**Defendant**

**Marc Veloz**                               represented by   **Katherine Sittenauer**
*in his individual capacity as Community*                     (See above for address)
*Resource Specialist for the Lawrence*                        *LEAD ATTORNEY*
*Public Library*                                              *ATTORNEY TO BE NOTICED*
                                                              *Bar Number: 29903*
                                                              *Bar Status: Active*

                                                              **Samuel A. Green**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*
                                                              *Bar Number: 24221*
                                                              *Bar Status: Active*

**Defendant**

**Sara Mathews**                             represented by   **Katherine Sittenauer**
*in her individual capacity as Outreach*                      (See above for address)
*Coordinator for the Lawrence Public*                         *LEAD ATTORNEY*
*Library*                                                     *ATTORNEY TO BE NOTICED*
                                                              *Bar Number: 29903*
                                                              *Bar Status: Active*

                                                              **Samuel A. Green**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

*Bar Number: 24221*
*Bar Status: Active*

**Defendant**

**Erica Segraves**                          represented by    **Samuel A. Green**
*in her individual capacity as Human*                        (See above for address)
*Resources Manager for the Lawrence*                         *LEAD ATTORNEY*
*Public Library*                                             *ATTORNEY TO BE NOTICED*
*TERMINATED: 01/18/2024*                                     *Bar Number: 24221*
                                                             *Bar Status: Active*

**Defendant**

**Phillip Howard**                          represented by    **Samuel A. Green**
*in his individual capacity as Maintenance*                  (See above for address)
*& Custodial Supervisor for the Lawrence*                    *LEAD ATTORNEY*
*Public Library*                                             *ATTORNEY TO BE NOTICED*
*TERMINATED: 01/18/2024*                                     *Bar Number: 24221*
                                                             *Bar Status: Active*

**Defendant**

**Unidentified Library Security Guard**     represented by    **Samuel A. Green**
*in his individual capacity*                                 (See above for address)
*TERMINATED: 05/16/2024*                                     *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*
                                                             *Bar Number: 24221*
                                                             *Bar Status: Active*

**Defendant**

**Lawrence, Kansas, City of**               represented by    **Charles H. Cooper**
*The Lawrence City Commission, as the*                       Franke Schultz & Mullen, PC
*governing and legislative body*                             8900 Ward Parkway
*TERMINATED: 10/01/2024*                                     Kansas City, MO 64114
                                                             816–421–7100
                                                             Fax: 816–421–7915
                                                             Alternative Phone:
                                                             Cell Phone:
                                                             Email: ccooper@fsmlawfirm.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*
                                                             *Bar Number: 24688*
                                                             *Bar Status: Active*

                                                             **John E. Franke**
                                                             Franke Schultz & Mullen, PC
                                                             8900 Ward Parkway
                                                             Kansas City, MO 64114
                                                             816–421–7100
                                                             Fax: 816–421–7915
                                                             Alternative Phone:
                                                             Cell Phone:

Email: jfranke@fsmlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 13539*
*Bar Status: Active*

**Samuel A. Green**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 24221*
*Bar Status: Active*

**Defendant**

**Heather Kearns**
*in her individual capacity*

represented by   **Katherine Sittenauer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 29903*
*Bar Status: Active*

**Samuel A. Green**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 24221*
*Bar Status: Active*

**Defendant**

**Karen Allen**
*in her individual capacity*

represented by   **Katherine Sittenauer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 29903*
*Bar Status: Active*

**Samuel A. Green**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 24221*
*Bar Status: Active*

**Defendant**

**Lauren Taylor**
*in her individual capacity*

represented by   **Katherine Sittenauer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 29903*
*Bar Status: Active*

**Samuel A. Green**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 24221*
*Bar Status: Active*

**Defendant**

**Tristan Starr**                            represented by   **Katherine Sittenauer**
*in his individual capacity*                                 (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*
                                                             *Bar Number: 29903*
                                                             *Bar Status: Active*

                                                             **Samuel A. Green**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*
                                                             *Bar Number: 24221*
                                                             *Bar Status: Active*

**Defendant**

**Polli Kenn**                               represented by   **Katherine Sittenauer**
*in her individual capacity*                                 (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*
                                                             *Bar Number: 29903*
                                                             *Bar Status: Active*

                                                             **Samuel A. Green**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*
                                                             *Bar Number: 24221*
                                                             *Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 11/12/2023 | 1 | COMPLAINT with trial location of Topeka ( Filing fee $402, Internet Payment Receipt Number AKSDC–6200662.), filed by justin spiehs.(Baker, Linus) [Transferred from Kansas on 2/21/2024.] (Entered: 11/12/2023) |
| 11/12/2023 | 2 | CIVIL COVER SHEET by Plaintiff justin spiehs. (Baker, Linus) [Transferred from Kansas on 2/21/2024.] (Entered: 11/12/2023) |
| 11/12/2023 | 3 | DESIGNATION OF PLACE OF TRIAL filed by Plaintiff justin spiehs – trial to be held in Topeka. (Baker, Linus) [Transferred from Kansas on 2/21/2024.] (Entered: 11/12/2023) |

| 12/19/2023 | 9 | CLERKS ORDER EXTENDING TIME until 1/9/2024 for Defendants Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Phillip Howard, Sara Mathews, Kathleen Morgan, Erica Segraves, Marc Veloz to answer or otherwise plead. Signed by deputy clerk on 12/19/2023. (nac) [Transferred from Kansas on 2/21/2024.] (Entered: 12/19/2023) |
|---|---|---|
| 01/09/2024 | 18 | MOTION to Dismiss by Defendants Phillip Howard, Erica Segraves (Green, Samuel) [Transferred from Kansas on 2/21/2024.] (Entered: 01/09/2024) |
| 01/09/2024 | 19 | MEMORANDUM IN SUPPORT of 18 MOTION to Dismiss by Defendants Phillip Howard, Erica Segraves(Green, Samuel) [Transferred from Kansas on 2/21/2024.] (Entered: 01/09/2024) |
| 01/09/2024 | 20 | ANSWER to Complaint by Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Sara Mathews, Kathleen Morgan, Marc Veloz.(Green, Samuel) [Transferred from Kansas on 2/21/2024.] (Entered: 01/09/2024) |
| 01/09/2024 | 21 | MOTION to Sever by Defendants Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Phillip Howard, Sara Mathews, Kathleen Morgan, Erica Segraves, Marc Veloz (Green, Samuel) [Transferred from Kansas on 2/21/2024.] (Entered: 01/09/2024) |
| 01/10/2024 | 22 | ORDER expediting the deadline to respond to Defendants Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Phillip Howard, Sara Mathews, Kathleen Morgan, Erica Segraves, Marc Veloz 21 MOTION to Sever. Response deadline 1/17/2024. No reply will be allowed. Signed by Magistrate Judge Brooks G. Severson on 1/10/24. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(df) [Transferred from Kansas on 2/21/2024.] (Entered: 01/10/2024) |
| 01/10/2024 | 23 | RESPONSE by Plaintiff Justin Spiehs re 21 Motion to Sever, (Baker, Linus) [Transferred from Kansas on 2/21/2024.] (Entered: 01/10/2024) |
| 01/18/2024 | 25 | STIPULATION OF DISMISSAL by Phillip Howard, Erica Segraves. (Green, Samuel) [Transferred from Kansas on 2/21/2024.] (Entered: 01/18/2024) |
| 01/18/2024 | | **Per 25 Parties Phillip Howard & Erica Segraves are termed 18 MOTION to Dismiss filed by Erica Segraves, Phillip Howard is moot.(msb)** [Transferred from Kansas on 2/21/2024.] (Entered: 01/18/2024) |
| 01/30/2024 | 30 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: TELEPHONE CONFERENCE held on 1/30/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) [Transferred from Kansas on 2/21/2024.] (Entered: 01/30/2024) |
| 01/31/2024 | 31 | PHASE I SCHEDULING ORDER: Status Conference set for 4/30/2024 at 10:00 AM by telephone (BGS – CONFERENCE LINE 1–888–363–4749 ACCESS CODE 5407703) before Magistrate Judge Brooks G. Severson. Other dates as outlined in attached Order. Signed by Magistrate Judge Brooks G. Severson on 1/31/24. (df) [Transferred from Kansas on 2/21/2024.] (Entered: 01/31/2024) |
| 02/05/2024 | 32 | CERTIFICATE OF SERVICE of interrogatories to Library by Justin Spiehs. (Baker, Linus) [Transferred from Kansas on 2/21/2024.] (Entered: 02/05/2024) |
| 02/07/2024 | 33 | ORDER granting 14 Motion to Sever; granting 21 Motion to Sever. Plaintiff shall file, by February 15, 2024, a notice designating which documents in Case No. |

| | | 5:23–CV–4107–JAR–BGS pertain to the Library Defendants, and thus should be filed in the new case. The Court will review this notice and direct the Clerk to open a new case between Plaintiff and the Library Defendants with the appropriate designated documents. Signed by District Judge Julie A. Robinson on 2/7/2024. (jal) [Transferred from Kansas on 2/21/2024.] (Entered: 02/07/2024) |
|---|---|---|
| 02/07/2024 | 34 | NOTICE of designation of documents by Justin Spiehs (Baker, Linus) [Transferred from Kansas on 2/21/2024.] (Entered: 02/07/2024) |
| 02/21/2024 | 39 | Case and documents imported in from case number 5:23–cv–04107 (see 38 Order in 23–4107). (kao) (Entered: 02/21/2024) |
| 02/21/2024 | | DOCKET ANNOTATION: Per 38 Order filed in Case # 23–4107, the Clerk's Office has opened this new case between Plaintiff Justin Spiehs, and Defendants Kathleen Morgan, Marc Veloz, Sara Mathews, Erica Segraves, Phillip Howard, Unidentified Library Security Guard, and the Board of Directors of the Free Public Library of the City of Lawrence, Kansas ("Library Defendants"). Defendants Segraves and Howard have been terminated from this suit. Documents 1, 2, 3, 9, 18, 19, 20, 21, 22, 23, 25, 30, 31, 32, 33, and 34 from case 23–4107 have been imported into this new case, 24–4016.(kao) (Entered: 02/21/2024) |
| 02/21/2024 | | **Reset Hearings: Scheduling Conference reset for 3/19/2024 at 10:00 AM by telephone (BGS – CONFERENCE LINE 1–888–363–4749 ACCESS CODE 5407703) before Magistrate Judge Brooks G. Severson. The prior setting of 4/30/24 will remain in effect for the related/severed case (No. 23–4107). (df)** (Entered: 02/21/2024) |
| 02/21/2024 | 40 | INITIAL ORDER REGARDING PLANNING AND SCHEDULING: Scheduling Conference set for 3/19/2024 at 10:00 AM by Telephone BGS – CONFERENCE LINE 1–888–363–4749 ACCESS CODE 5407703 before Magistrate Judge Brooks G. Severson. Rule 26 Initial Disclosures Deadline set for 3/11/2024. Proposed Scheduling Order Deadline 3/11/2024. Signed by Magistrate Judge Brooks G. Severson on 2/21/2024. (ca) (Entered: 02/21/2024) |
| 03/01/2024 | 41 | MOTION for Protective Order. Per email dated March 1, 2024, the parties jointly requested the entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information. (referred to Magistrate Judge Brooks G. Severson) (tl) (Entered: 03/01/2024) |
| 03/01/2024 | 42 | ORDER granting 41 Motion for Protective Order. For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the parties' joint request. Signed by Magistrate Judge Brooks G. Severson on 3/1/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 03/01/2024) |
| 03/01/2024 | 43 | PROTECTIVE ORDER. Signed by Magistrate Judge Brooks G. Severson on 3/1/2024. (tl) (Entered: 03/01/2024) |
| 03/12/2024 | | **Reset Hearings: Scheduling Conference is reset for 3/20/2024 at 10:00 AM by telephone (BGS – CONFERENCE LINE 1–888–363–4749 ACCESS CODE 5407703) before Magistrate Judge Brooks G. Severson.(df)** (Entered: 03/12/2024) |
| 03/20/2024 | 44 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: SCHEDULING CONFERENCE held on 3/20/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 03/20/2024) |

| 03/20/2024 | 45 | SCHEDULING ORDER: Jointly filed mediation notice, or confidential settlement reports to magistrate judge on 5/13/2024. Mediation deadline 6/28/2024. Discovery deadline 8/16/2024. Proposed Pretrial Order due by 9/13/2024. Final Pretrial Conference set for 9/24/2024 at 02:00 PM before Magistrate Judge Brooks G. Severson by phone (BGS – CONFERENCE LINE 1–888–363–4749 ACCESS CODE 5407703). Dispositive motion deadline 10/22/2024. The parties expect the jury trial of this case to take approximately 4 trial days in Topeka, Kansas. The court will subsequently set this case for trial. Signed by Magistrate Judge Brooks G. Severson on 3/20/2024. (mam) (Entered: 03/20/2024) |
|---|---|---|
| 03/25/2024 | 46 | NOTICE OF SERVICE by Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Sara Mathews, Kathleen Morgan, Marc Veloz of Discovery Responses (Green, Samuel) (Entered: 03/25/2024) |
| 03/26/2024 | 47 | NOTICE OF SERVICE by Justin Spiehs of supplemental Rule 26 disclosures (Baker, Linus) (Entered: 03/26/2024) |
| 04/12/2024 | 48 | MOTION to Amend Complaint re 1 Complaint (attorney) by Plaintiff Justin Spiehs (referred to Magistrate Judge Brooks G. Severson) (Attachments: # 1 Exhibit Redlined Amended Complaint, # 2 Exhibit Amended Complaint)(Baker, Linus) (Entered: 04/12/2024) |
| 04/23/2024 | 49 | Amended MOTION to Amend Complaint re 1 Complaint (attorney) by Plaintiff Justin Spiehs (referred to Magistrate Judge Brooks G. Severson) (Attachments: # 1 Exhibit Redlined Amended Complaint, # 2 Exhibit Amended Complaint)(Baker, Linus) (Entered: 04/23/2024) |
| 04/26/2024 | 50 | RESPONSE by Defendants Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Phillip Howard, Sara Mathews, Kathleen Morgan, Erica Segraves, Unidentified Library Security Guard, Marc Veloz re 48 Motion to Amend Complaint, 49 Motion to Amend Complaint, (Attachments: # 1 Exhibit Exhibit 1)(Green, Samuel) (Entered: 04/26/2024) |
| 04/29/2024 | 51 | ORDER finding as moot 48 Motion to Amend Complaint; an amended motion 49 has been filed. Signed by Magistrate Judge Brooks G. Severson on 4/29/24. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 04/29/2024) |
| 05/01/2024 | 52 | MOTION for pre–motion discovery conference (per 4/30/24 email from counsel). (referred to Magistrate Judge Brooks G. Severson) (df) (Entered: 05/01/2024) |
| 05/01/2024 | 53 | ORDER granting 52 Motion for pre–motion discovery conference. Discovery Conference set for 5/8/2024 at 03:00 PM by telephone (BGS – CONFERENCE LINE 1–888–363–4749 ACCESS CODE 5407703) before Magistrate Judge Brooks G. Severson. Position statements from parties due to chambers via email no later than 3:00 p.m. on Monday, May 6, 2024. Signed by Magistrate Judge Brooks G. Severson on 5/1/24. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 05/01/2024) |
| 05/03/2024 | 54 | NOTICE OF SERVICE by Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Phillip Howard, Sara Mathews, Kathleen Morgan, Erica Segraves, Unidentified Library Security Guard, Marc Veloz of Discovery Responses (Green, Samuel) (Entered: 05/03/2024) |
| 05/06/2024 | 55 | |

| | | NOTICE OF SERVICE by Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Phillip Howard, Sara Mathews, Kathleen Morgan, Erica Segraves, Unidentified Library Security Guard, Marc Veloz of Discovery Responses (Green, Samuel) (Entered: 05/06/2024) |
|---|---|---|
| 05/06/2024 | 56 | REPLY TO RESPONSE TO MOTION by Plaintiff Justin Spiehs re: 49 Motion to Amend Complaint, (Baker, Linus) (Entered: 05/06/2024) |
| 05/07/2024 | 57 | NOTICE OF CANCELLED HEARING: Pre–Motion Discovery Conference set for 5/8/24 cancelled per request of parties (5/6/24 email). (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 05/07/2024) |
| 05/15/2024 | 58 | MOTION for extension of time to file mediation notice or submit confidential settlement reports by Plaintiff Justin Spiehs (referred to Magistrate Judge Brooks G. Severson). (df) (Entered: 05/15/2024) |
| 05/15/2024 | 59 | ORDER granting 58 Motion for Extension of Time to File Mediation Notice or Submit Confidential Settlement Reports. Mediation Notice or Confidential Settlement Reports Due to Magistrate Judge on 5/17/2024. Signed by Magistrate Judge Brooks G. Severson on 5/15/24. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 05/15/2024) |
| 05/15/2024 | 60 | MOTION for extension of time to file mediation notice or submit confidential settlement reports by Defendants Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Sara Mathews, Kathleen Morgan, Marc Veloz. (referred to Magistrate Judge Brooks G. Severson) (df) (Entered: 05/15/2024) |
| 05/15/2024 | 61 | ORDER granting 60 Motion for Extension of Time to File Mediation Notice or Submit Confidential Settlement Reports. (Motion by email from counsel 5/15/24). Mediation Notice or Confidential Settlement Report Due to Magistrate Judge on 5/24/2024. Signed by Magistrate Judge Brooks G. Severson on 5/15/24. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 05/15/2024) |
| 05/15/2024 | 62 | MEMORANDUM AND ORDER granting in part and denying in part 49 Motion to Amend Complaint. Plaintiff is instructed to file his Amended Complaint, in form attached to motion and reflecting the claims allowed to proceed in the present Order, on or before May 29, 2024. Signed by Magistrate Judge Brooks G. Severson on 5/15/24. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 05/15/2024) |
| 05/16/2024 | 63 | AMENDED COMPLAINT against All Defendants, filed by Justin Spiehs.(Baker, Linus) (Entered: 05/16/2024) |
| 05/31/2024 | 64 | ANSWER to 63 Amended Complaint by Karen Allen, Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Heather Kearns, Polli Kenn, Sara Mathews, Kathleen Morgan, Tristan Starr, Lauren Taylor, Marc Veloz.(Green, Samuel) (Entered: 05/31/2024) |
| 06/03/2024 | 65 | MINUTE ORDER. The undersigned Magistrate Judge has reviewed the parties' confidential settlement reports and makes no changes to the Court's prior Order requiring mediation to occur no later than 6/28/24. Signed by Magistrate Judge Brooks G. Severson on 6/3/24. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(df) (Entered: 06/03/2024) |

| 06/20/2024 | 66 | MOTION for extension of time *to resond to Plaintiff's Requests for Production* by Defendants Karen Allen, Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Heather Kearns, Polli Kenn, Sara Mathews, Kathleen Morgan, Tristan Starr, Lauren Taylor, Marc Veloz (referred to Magistrate Judge Brooks G. Severson) (Green, Samuel) (Entered: 06/20/2024) |
|---|---|---|
| 06/21/2024 | 67 | NOTICE of Hearing: THIS IS AN OFFICIAL NOTICE FOR THIS HEARING 66 MOTION for extension of time to respond to Plaintiff's Requests for Production : (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Motion Hearing set for 6/25/2024 at 11:00 AM by telephone (BGS – CONFERENCE LINE 1–888–363–4749 ACCESS CODE 5407703 before Magistrate Judge Brooks G. Severson. (df) (Entered: 06/21/2024) |
| 06/25/2024 | 68 | CERTIFICATE OF SERVICE of request for documents by Justin Spiehs. (Baker, Linus) (Entered: 06/25/2024) |
| 06/25/2024 | 69 | ORDER granting, for good cause shown, 66 Motion for Extension of Time to Respond to Plaintiff's Requests for Production. Responses to be served on or before July 16, 2024. Signed by Magistrate Judge Brooks G. Severson on 6/25/24. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 06/25/2024) |
| 06/25/2024 | 70 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: MOTION HEARING held on 6/25/2024 re 66 MOTION for extension of time to respond to Plaintiff's Requests for Production. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 06/25/2024) |
| 07/15/2024 | | SUMMONS ISSUED as to Lawrence, Kansas, City of. (issued to Attorney for service) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge Form provided to counsel for service with complaint. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry) (nac) (Entered: 07/15/2024) |
| 07/15/2024 | 71 | ADR REPORT by Karen Allen, Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Heather Kearns, Polli Kenn, Sara Mathews, Kathleen Morgan, Tristan Starr, Lauren Taylor, Marc Veloz. ADR session held on: June 24, 2024 and conducted by John Phillips. Results of ADR: Case did not settle. Status of litigation at time of ADR: Partial Discovery(Green, Samuel) (Entered: 07/15/2024) |
| 07/16/2024 | 72 | NOTICE OF SERVICE by Karen Allen, Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Heather Kearns, Polli Kenn, Sara Mathews, Kathleen Morgan, Tristan Starr, Lauren Taylor, Marc Veloz of Discovery Responses (Green, Samuel) (Entered: 07/16/2024) |
| 08/02/2024 | 73 | ENTRY OF APPEARANCE by Charles H. Cooper on behalf of Lawrence, Kansas, City of. (Cooper, Charles) (Entered: 08/02/2024) |
| 08/02/2024 | 74 | MOTION for extension of time by Defendant Lawrence, Kansas, City of (referred to Magistrate Judge Brooks G. Severson) (Cooper, Charles) (Entered: 08/02/2024) |
| 08/05/2024 | 75 | CLERKS ORDER EXTENDING TIME until 8/19/2024 for Defendant Lawrence, Kansas, City of to answer or otherwise plead. Signed by deputy clerk on 8/05/2024. (jk) (Entered: 08/05/2024) |
| 08/19/2024 | 76 | ANSWER to 63 Amended Complaint by Lawrence, Kansas, City of.(Cooper, Charles) Modified title on 8/20/2024 (ca). (Entered: 08/19/2024) |

| 08/20/2024 | 77 | ENTRY OF APPEARANCE by Katherine Sittenauer on behalf of Karen Allen, Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Heather Kearns, Polli Kenn, Sara Mathews, Kathleen Morgan, Tristan Starr, Lauren Taylor, Marc Veloz. (Sittenauer, Katherine) (Entered: 08/20/2024) |
|---|---|---|
| 08/26/2024 | | **Reset Hearings: Final Pretrial Conference re–set for 9/25/2024 at 11:00 AM by telephone (BGS – CONFERENCE LINE 1–888–363–4749 ACCESS CODE 5407703) before Magistrate Judge Brooks G. Severson.(df)** (Entered: 08/26/2024) |
| 09/09/2024 | 78 | Unopposed MOTION to Modify *Scheduling Order* by Defendant Lawrence, Kansas, City of (referred to Magistrate Judge Brooks G. Severson) (Cooper, Charles) Modified motion event on 9/10/2024 (msb). (Entered: 09/09/2024) |
| 09/10/2024 | 79 | NOTICE of Telephone Conference regarding Motion:  THIS IS AN OFFICIAL NOTICE FOR THIS TELEPHONE CONFERENCE 78 MOTION to Amend Scheduling Order. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Telephone Conference regarding motion set for 9/16/2024 at 11:00 AM (BGS – CONFERENCE LINE 1–888–363–4749 ACCESS CODE 5407703) before Magistrate Judge Brooks G. Severson. (df) (Entered: 09/10/2024) |
| 09/16/2024 | 80 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: TELEPHONE CONFERENCE held on 9/16/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 09/16/2024) |
| 09/16/2024 | 81 | ORDER taking under advisement 78 Motion to Amend Scheduling Order. The deadlines in this case are suspended and will be re–set after the parties have had an opportunity to confer regarding whether the City will remain as a Defendant in this case. This matter is set for a telephone conference on October 1, 2024, at 2:00 p.m. at which time the Court will re–set the relevant deadlines. Signed by Magistrate Judge Brooks G. Severson on 9/16/24. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 09/16/2024) |
| 09/16/2024 | 82 | MOTION for Pre–Motion Discovery Telephone Conference (per counsel's oral motion during 9/16/24 telephone conference). (referred to Magistrate Judge Brooks G. Severson) (df) (Entered: 09/16/2024) |
| 09/16/2024 | 83 | ORDER granting 82 Motion for Pre–Discovery Motion Telephone Conference set for 10/1/2024 02:00 PM by telephone BGS – CONFERENCE LINE 1–888–363–4749 ACCESS CODE 5407703 before Magistrate Judge Brooks G. Severson. The parties are instructed to submit via email to chambers a brief, non–argumentative joint summary of the discovery dispute with the relevant discovery request(s) and response(s) attached on or before 9/24/24. Signed by Magistrate Judge Brooks G. Severson on 9/16/24. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 09/16/2024) |
| 09/16/2024 | 84 | NOTICE OF CANCELLED HEARING: Pretrial Conference suspended; will be reset during the Court's 10/1/24 telephone conference with the parties. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 09/16/2024) |
| 10/01/2024 | 85 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: PRE–DISCOVERY MOTION TELEPHONE CONFERENCE and HEARING ON 78 UNOPPOSED MOTION TO AMEND SCHEDULING ORDER held on 10/1/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document |

| | | associated with this entry.) (df) (Entered: 10/01/2024) |
|---|---|---|
| 10/01/2024 | 86 | ORDER granting, for good cause shown, 78 Unopposed Motion to Amend Scheduling Order 45 . Supplemental discovery responses, as the Court discussed with the parties, due on or before 10/22/24. Dispositive motion deadline 12/20/2024. Proposed Pretrial Order due by 11/8/2024. Final Pretrial Conference set for 11/20/2024 at 11:00 AM by telephone (BGS – CONFERENCE LINE 1–888–363–4749 ACCESS CODE 5407703) before Magistrate Judge Brooks G. Severson. Signed by Magistrate Judge Brooks G. Severson on 10/1/24. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 10/01/2024) |
| 10/01/2024 | 87 | STIPULATION OF DISMISSAL *LAWRENCE CITY COMMISSION, AS THE GOVERNING AND LEGISLATIVE BODY OF THE CITY OF LAWRENCE, KANSAS* by Justin Spiehs. (Baker, Linus) (Entered: 10/01/2024) |
| 10/25/2024 | 88 | NOTICE OF SERVICE by Karen Allen, Polli Kenn, Lauren Taylor of Discovery Responses (Green, Samuel) (Entered: 10/25/2024) |
| 11/08/2024 | 89 | MOTION for extension of time to submit draft pretrial order by Defendants (per 11/8/24 email to chambers). (referred to Magistrate Judge Brooks G. Severson) (df) (Entered: 11/08/2024) |
| 11/08/2024 | 90 | ORDER granting, for good cause shown and as unopposed, 89 Motion for Extension of Time to Submit Proposed Pretrial Order. Proposed Pretrial Order due by 11/13/2024. Signed by Magistrate Judge Brooks G. Severson on 11/8/24 (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 11/08/2024) |
| 11/20/2024 | 91 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: FINAL PRETRIAL CONFERENCE held on 11/20/2024. (Tape #11:00 – 11:25.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 11/20/2024) |
| 11/20/2024 | 92 | ORDER regarding draft Pretrial Order. As discussed during the 11/20/24 Pretrial Conference, the deadline for Plaintiff to send revisions to Defendants is 11/27/24 with a revised pretrial order due to the Court (via email to chambers) by 12/6/24. Signed by Magistrate Judge Brooks G. Severson on 11/20/24. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(df) (Entered: 11/20/2024) |
| 12/03/2024 | 93 | ORDER CHANGING CONFERENCE CALL NUMBER FOR ALL TELEPHONIC CONFERENCES AND HEARINGS WITH JUDGE SEVERSON. Judge Severson's conference call number has changed. From this date going forward, please use only 316–402–0044, Conference ID 485 069 538, for all telephonic conferences and hearings with Judge Severson. The Court notes that a different system is being used for conference calls, and the parties will be placed in a waiting room prior to the start of the call. Although call participants may experience a period of silence, the parties should remain on the line. Previous orders may have directed the parties to call 888–363–4749 for conferences and hearings. From this date, do NOT call 888–363–4749 for any conferences or hearings with Judge Severson. Signed by Magistrate Judge Brooks G. Severson on 12/3/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 12/03/2024) |

| 12/03/2024 | 94 | NOTICE of Hearing:  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Telephone Conference set for 12/4/2024 at 10:00 AM via Telephone before Magistrate Judge Brooks G. Severson. Call participants are instructed to call 316–402–0044 and enter conference ID number 485 069 538 to participate in the conference. (tl) (Entered: 12/03/2024) |
|---|---|---|
| 12/04/2024 | 95 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: TELEPHONE CONFERENCE held on 12/4/2024. The Court held a telephone conference with the parties to discuss potential new claims/allegations. In order to give defense counsel time to investigate, the Court suspends the remaining deadlines. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 12/04/2024) |
| 12/04/2024 | 96 | ORDER SETTING STATUS CONFERENCE: Status Conference set for 1/16/2025 at 11:00 AM via Telephone before Magistrate Judge Brooks G. Severson. Counsel are instructed to call 316–402–0044 and enter conference ID number 485 069 538 to participate in the conference. By 1/15/2025 at 12:00 PM, the parties are ordered to either (a) submit a revised pretrial order if an agreement can be reached as to the potential new claims, parties, and factual allegations or (b) submit a joint status report outlining the parties' disagreements and objections. Signed by Magistrate Judge Brooks G. Severson on 12/4/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (tl) (Entered: 12/04/2024) |
| 01/16/2025 | 97 | MOTION to reset status conference (per 1/15/25 email from counsel). (referred to Magistrate Judge Brooks G. Severson) (df) (Entered: 01/16/2025) |
| 01/16/2025 | 98 | ORDER granting 97 Motion to Reset Status Conference. Status Conference (previously set for 1/16/25 at 11:00 a.m.) reset for 1/28/2025 at 01:00 PM by telephone (BGS –– CONFERENCE LINE: 1–316–402–0044; CONFERENCE ID: 485 069 538) before Magistrate Judge Brooks G. Severson. Signed by Magistrate Judge Brooks G. Severson on 1/16/25. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 01/16/2025) |
| 01/28/2025 | 99 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: FINAL PRETRIAL CONFERENCE held on 1/28/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 01/28/2025) |
| 01/28/2025 | 100 | NOTICE of Hearing:  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Pretrial Conference, if necessary, set for 2/18/2025 at 10:00 AM by telephone (BGS –– CONFERENCE LINE: 1–316–402–0044; CONFERENCE ID: 485 069 538) before Magistrate Judge Brooks G. Severson. The parties are ordered to confer by 2/7/25 regarding the potential discovery issue raised by Plaintiff during the 1/28/25 telephone conference with the Court. Thereafter, the parties shall jointly submit an email status report (to chambers email for the undersigned Magistrate Judge) no later than 2/14/25 indicating whether the discovery issue has been resolved or whether it will need to be addressed by the Court on 2/18/25. If issues remain to be addressed on 2/18/25, the parties are instructed to include a brief summary discussing what discovery is being requested, why it is relevant, and a summary of the parties' positions thereon. (df) (Entered: 01/28/2025) |
| 02/18/2025 | | |

| | | |
|---|---|---|
| | | **Reset Hearings: Pretrial Conference reset for <u>2/24/2025 at 02:00 PM</u> by telephone (BGS –– CONFERENCE LINE: 1–316–402–0044 CONFERENCE ID: 485 069 538) before Magistrate Judge Brooks G. Severson. The parties shall jointly submit an email status report (to chambers email for the undersigned Magistrate Judge) no later than <u>noon on 2/20/25</u> regarding the status of the potential discovery issue raised by Plaintiff during the 1/28/25 telephone conference. The report shall indicate whether the discovery issue has been resolved or whether it will need to be addressed by the Court on 2/24/25. If issues remain to be addressed on 2/24/25, the parties are instructed to include a brief summary discussing what discovery is being requested, why it is relevant, and a summary of the parties' positions thereon.(df)** (Entered: 02/18/2025) |
| 02/24/2025 | 101 | Oral MOTION to Reopen Discovery for limited purpose (oral motion by Plaintiff during 2/24/25 telephone conference) by Plaintiff Justin Spiehs. (referred to Magistrate Judge Brooks G. Severson) (df) (Entered: 02/24/2025) |
| 02/24/2025 | 102 | ORDER granting in part 101 Oral Motion for to Reopen Discovery for Limited Purpose. For reasons discussed during the 2/24/25 telephone conference, Defendant is instructed to provide verified responses to Interrogatories Nos. 3, 4, 5, 7, and 8, as well as a limited response to Interrogatory No. 10 (identifying the date/approximate date, if known, when relevant video was destroyed/deleted). Defendant is also instructed to provide documents responsive to Requests for Production Nos. 1 and 2 as they correlate to Interrogatories Nos. 3, 4, 5, 7, 8, and 10. Signed by Magistrate Judge Brooks G. Severson on 2/24/25. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (df) (Entered: 02/24/2025) |
| 02/24/2025 | | **Set Deadlines/Hearings: Proposed Pretrial Order, if changes or modifications made, due by 4/2/2025 (if no changes/modifications, parties will so inform the Court by this date). Pretrial Conference, <u>if needed</u>, set for <u>4/4/2025 at 10:00 AM</u> by telephone (BGS –– CONFERENCE LINE: 1–316–402–0044, CONFERENCE ID: 485 069 538) before Magistrate Judge Brooks G. Severson. (df)** (Entered: 02/24/2025) |
| 02/24/2025 | 103 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: FINAL PRETRIAL CONFERENCE held on 2/24/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (mmv) Modified on 3/5/2025 to correct hearing date (sz). (Entered: 03/04/2025) |
| 04/01/2025 | <u>104</u> | NOTICE of Rule 26 Second Supplemental Disclosures by Justin Spiehs (Baker, Linus) (Entered: 04/01/2025) |
| 04/04/2025 | 105 | MINUTE ENTRY for proceedings held before Magistrate Judge Brooks G. Severson: FINAL PRETRIAL CONFERENCE held on 4/4/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (mmv) (Entered: 04/04/2025) |
| 04/04/2025 | 106 | ORDER. As discussed during the 4/4/25 telephone conference, the Court enters the following deadlines. On or before 4/10/25, Plaintiff's counsel shall submit to Defense counsel any proposed revisions to the Pretrial Order (limited to a short summary of facts regarding the two most–recent incidents that were the subject of the parties' telephone conference with the Court). On or before 4/23/25, the parties shall submit to the Court their agreed, revised Pretrial Order (limited to revisions regarding these incidents). If Defendant objects to Plaintiff's proposed factual revisions and the parties cannot agree to a final version, the parties shall submit a joint email report to |

| | | |
|---|---|---|
| | | the Court on or before 4/23/25. This report shall summarize the issues remaining and attach the parties' updated, red–line version of the Pretrial Order. The Court will then determine if an additional telephone conference is necessary. Signed by Magistrate Judge Brooks G. Severson on 4/4/25. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(df) (Entered: 04/04/2025) |
| 04/25/2025 | 107 | PRETRIAL ORDER ENTERED Dispositive motion deadline 5/23/2025. Estimated trial time 4 days. Signed by Magistrate Judge Brooks G. Severson on 4/25/2025. (sz) (Entered: 04/25/2025) |
| 05/23/2025 | 108 | MOTION for Summary Judgment by Defendants Karen Allen, Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Heather Kearns, Polli Kenn, Sara Mathews, Kathleen Morgan, Tristan Starr, Lauren Taylor, Marc Veloz (Green, Samuel) (Entered: 05/23/2025) |
| 05/23/2025 | 109 | MEMORANDUM IN SUPPORT of 108 MOTION for Summary Judgment by Defendants Karen Allen, Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Heather Kearns, Polli Kenn, Sara Mathews, Kathleen Morgan, Tristan Starr, Lauren Taylor, Marc Veloz (Attachments: # 1 Exhibit List Index of Exhibits in Support of Defendants' Motion for Summary Judgment, # 2 Exhibit Exh. 1 Declaration of Brad Allen, # 3 Exhibit Exh. 2 May 17, 2023 Video, # 4 Exhibit Exh. 3 Behavior Policy, # 5 Exhibit Exh. 4 Declaration of Kathleen Morgan, # 6 Exhibit Exh. 5 Video June 11, 2023 3 10 59 PM, # 7 Exhibit Exh. 6 Video June 11, 2023 3 15 46 PM, # 8 Exhibit Exh. 7 Video June 11, 2023 3 20 52 PM, # 9 Exhibit Exh. 8 Video June 11, 2023 3 27 42 PM, # 10 Exhibit Exh. 9 Declaration of Tristan Star, # 11 Exhibit Exh. 10 Exhibit and Display Policy, # 12 Exhibit Exh. 11 Updated Policies, # 13 Exhibit Exh. 12 PITS Reports, # 14 Exhibit Exh. 13 Declaration of Ratzlaff, # 15 Exhibit Exh. 14 PITS Report 369, # 16 Exhibit Exh. 15 Behavior Matrix, # 17 Exhibit Exh. 16 PITS Report 373)(Green, Samuel) (Entered: 05/23/2025) |
| 05/23/2025 | 110 | MOTION FOR LEAVE to File Exhibits Conventionally by Defendants Karen Allen, Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Heather Kearns, Polli Kenn, Sara Mathews, Kathleen Morgan, Tristan Starr, Lauren Taylor, Marc Veloz (Green, Samuel) (Entered: 05/23/2025) |
| 05/23/2025 | 111 | MOTION for Partial Summary Judgment by Plaintiff Justin Spiehs (Baker, Linus) (Entered: 05/23/2025) |
| 05/23/2025 | 112 | MEMORANDUM IN SUPPORT of 111 MOTION for Partial Summary Judgment by Plaintiff Justin Spiehs (Attachments: # 1 Exhibit List, # 2 Exhibit Dr. Spiehs Sworn Statement, # 3 Exhibit Current Policies, # 4 Exhibit Interrogatory Answers, # 5 Exhibit Videos)(Baker, Linus) (Entered: 05/23/2025) |
| 05/23/2025 | 113 | MOTION FOR LEAVE to File Ex 4 videos Conventionally by Plaintiff Justin Spiehs (Baker, Linus) (Entered: 05/23/2025) |
| 06/03/2025 | 114 | MEMORANDUM IN OPPOSITION by Plaintiff Justin Spiehs re 108 MOTION for Summary Judgment (Attachments: # 1 Exhibit List Plaintiff, # 2 Exhibit 1a Dr. Spiehs Sworn Statement, # 3 Exhibit 2 videos)(Baker, Linus) (Entered: 06/03/2025) |
| 06/03/2025 | 115 | MOTION FOR LEAVE to File Ex 2 videos Conventionally by Plaintiff Justin Spiehs (Baker, Linus) (Entered: 06/03/2025) |
| 06/04/2025 | 116 | |

| | | ORDER granting the parties' Motions for Leave to File Exhibits Conventionally [110, 113, 115]. The parties shall file the identified exhibits conventionally forthwith in compliance with Part IV.C. of this Court's Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means. Signed by District Judge Julie A. Robinson on 6/4/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ams) (Entered: 06/04/2025) |
|---|---|---|
| 06/06/2025 | 117 | NOTICE of SERVICE of conventionally filed exhibits by Justin Spiehs re 116 Order on Motion for Leave to File Conventionally, (Baker, Linus) Modified title on 6/9/2025 (ca). (Entered: 06/06/2025) |
| 06/10/2025 | 118 | Unopposed MOTION for Extension of Time to File Response as to 111 MOTION for Partial Summary Judgment by Defendants Karen Allen, Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Heather Kearns, Polli Kenn, Sara Mathews, Kathleen Morgan, Tristan Starr, Lauren Taylor, Marc Veloz (Green, Samuel) (Entered: 06/10/2025) |
| 06/11/2025 | 119 | ORDER granting 118 Defendants Unopposed Motion for Extension of Time to File Response re 111 MOTION for Partial Summary Judgment. Response deadline 6/20/2025. Signed by District Judge Julie A. Robinson on 6/11/25. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ss) (Entered: 06/11/2025) |
| 06/12/2025 | 120 | Unopposed MOTION for Extension of Time to File Reply as to 108 MOTION for Summary Judgment by Defendants Karen Allen, Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Heather Kearns, Polli Kenn, Sara Mathews, Kathleen Morgan, Tristan Starr, Lauren Taylor, Marc Veloz (Green, Samuel) (Entered: 06/12/2025) |
| 06/12/2025 | 121 | ORDER granting 120 Defendants Unopposed Motion for Extension of Time to File Reply re 108 MOTION for Summary Judgment. Reply deadline 6/24/2025. Signed by District Judge Julie A. Robinson on 6/12/25. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ss) (Entered: 06/12/2025) |
| 06/13/2025 | 122 | CONVENTIONALLY FILED EXHIBITS, 02, 05, 06, 07 and 08, IN SUPPORT of 108 Motion for Summary Judgment received in the clerk's office on 6/13/2025. Two flash drives, the original will be stored in the Kansas City clerk's office and a copy will go to JAR Chambers. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.). (ca) (Entered: 06/13/2025) |
| 06/20/2025 | 123 | RESPONSE by Defendants Karen Allen, Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Phillip Howard, Heather Kearns, Polli Kenn, Lawrence, Kansas, City of, Sara Mathews, Kathleen Morgan, Erica Segraves, Tristan Starr, Lauren Taylor, Unidentified Library Security Guard, Marc Veloz re 111 Motion for Partial Summary Judgment (Green, Samuel) (Entered: 06/20/2025) |
| 06/24/2025 | 124 | REPLY TO RESPONSE TO MOTION by Defendants Karen Allen, Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Phillip Howard, Heather Kearns, Polli Kenn, Lawrence, Kansas, City of, Sara Mathews, Kathleen Morgan, Erica Segraves, Tristan Starr, Lauren Taylor, Unidentified Library Security Guard, Marc Veloz re: 108 Motion for Summary Judgment, (Green, Samuel) (Entered: 06/24/2025) |
| 06/25/2025 | 125 | REPLY TO RESPONSE TO MOTION by Plaintiff Justin Spiehs re: 111 Motion for Partial Summary Judgment (Baker, Linus) (Entered: 06/25/2025) |

| 09/03/2025 | <u>126</u> | MEMORANDUM AND ORDER granting <u>108</u> Motion for Summary Judgment; denying <u>111</u> Motion for Partial Summary Judgment. Signed by District Judge Julie A. Robinson on 9/3/2025. (jal) (Entered: 09/03/2025) |
|---|---|---|
| 09/03/2025 | <u>127</u> | JUDGMENT ENTERED: Defendants' Motion for Summary Judgment (Doc. <u>108</u> ) is granted and Plaintiff's Motion for Partial Summary Judgment (Doc. <u>111</u> ) is denied. Signed by deputy clerk on 9/3/2025. (jal) (Entered: 09/03/2025) |
| 10/02/2025 | <u>128</u> | NOTICE OF APPEAL as to <u>126</u> Order on Motion for Summary Judgment, Order on Motion for Partial Summary Judgment, <u>127</u> Judgment by Plaintiff Justin Spiehs. Filing fee $ 605, Internet Payment Receipt Number AKSDC–6787058. (Baker, Linus) (Entered: 10/02/2025) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**Justin Spiehs**
                          Plaintiff,

v.                                            24-4016-JAR

**Kathleen Morgan** *et al*
                          Defendants

### Plaintiff's Notice of Appeal

The plaintiff, Dr. Justin Spiehs, as named plaintiff appeal to the Tenth Circuit Court of Appeals from the final judgment entered on September 3, 2025, (ECF 126/127) in this matter, of which the appeal of that judgment is intended to bring up for review all of the previous rulings and orders that led up to and served as a predicate for that final judgment, and further appeal any and all other prior judgments, orders, and rulings entered in this action. This notice is intended to include, as broadly as possible, all of the prior rulings referenced in ECF 126/127, as well as all other judgments, orders, and rulings, and to also include (but not to the exclusion of others) all of the interlocutory and preliminary rulings, orders, and judgments in the above captioned case.

By  /s/ Linus L. Baker                _
Linus L. Baker KS 18197
6732 West 185th Terrace
Stilwell, KS  66085-8922
Telephone:   913.486.3913
Fax:             913.232.8734
E-Mail: linusbaker@prodigy.net
Attorney for the Plaintiff

### CERTIFICATE OF SERVICE

On this  2nd day of October, 2025, the above document was filed with the Court's CM-ECF system which will provide notice to all counsel of record.
/s/Linus L. Baker
Linus L. Baker

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN SPIEHS,

     Plaintiff,

     v.                         Case No. 24-4016-JAR

KATHLEEN MORGAN, et al.,

     Defendants.

## MEMORANDUM AND ORDER

Plaintiff Justin Spiehs brings this 42 U.S.C. § 1983 action alleging constitutional violations by Defendants the Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Kathleen Morgan, Marc Veloz, Sara Mathews, Heather Kearns, Karen Allen, Lauren Taylor, Tristan Star, and Polli Kenn.  Before the Court are Defendants' Motion for Summary Judgment (Doc. 108) and Plaintiff's Motion for Partial Summary Judgment (Doc. 111).  The motions are fully briefed, and the Court is prepared to rule.  For the reasons explained below, the Court grants summary judgment in favor of Defendants and denies Plaintiff's motion for partial summary judgment.

## I.     Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.  In applying this standard, a court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[1]  "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the non-moving party, is such that a

---

[1] *City of Harriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

reasonable jury could return a verdict for the non-moving party."[2]  A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[3]  An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."[4]

The moving party must initially show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[5]  In attempting to meet this standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[6]  To prevail on a motion for summary judgment on a claim upon which the moving party also bears the burden of proof at trial, the moving party must demonstrate "no reasonable trier of fact could find other than for the moving party."[7]

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[8]  The nonmoving party may not simply rest upon its pleadings to satisfy this burden.[9]  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[10]  To accomplish this, the facts "must be

---

[2] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[3] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001).

[4] *Thomas v. Metro. Life Ins.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[5] *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002).

[6] *Adams v. Am. Guar. & Liab. Ins.*, 233 F.3d 1242, 1246 (10th Cir. 2000).

[7] *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015).

[8] *Anderson*, 477 U.S. at 256.

[9] *Id.*

[10] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (2000)).

identified by reference to an affidavit, a deposition transcript[,] or a specific exhibit incorporated therein."[11]

Finally, summary judgment is not a "disfavored procedural shortcut"; on the contrary, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'"[12]  In responding to a motion for summary judgment, "a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial."[13]

## II.    Uncontroverted Facts

The following material facts are either uncontroverted or stipulated to in the Pretrial Order.[14]

On several different occasions, Plaintiff Justin Spiehs entered the Lawrence Public Library ("Library") displaying signs.  On each occasion he attempted to enter events held at the Library or proceeded to the Library's main reading area.  Library staff, contending that Plaintiff's display of those signs violated its policies, instructed him either to remove his signs or to leave.  Declining both options, Plaintiff continued to display those signs.  Each time, Plaintiff either left voluntarily or was instructed to leave by police.  The Court first explains the Library's policies and then details each of Plaintiff's encounters below.

### *The Library's Policies*

The Library has several policies that help structure its operations and ensure that patrons enjoy access to the Library's various resources.  In May and June 2023, the Library's Behavior

---

[11] *Adams*, 233 F.3d at 1246 (quoting *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.3d 1022, 1024 (10th Cir. 1992)).

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

[13] *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988).

[14] Doc. 107.

Policy was in place, which stated: "The Library is committed to providing a safe and respectful environment for all its users.  Behavior that disturbs others' use of the library, creates an unsafe environment, impedes the work of library staff, or creates a risk of damage to library property is not permitted."[15]

On November 25, 2024, the Library promulgated a new policy—the "Free Speech Activities Policy."  The Free Speech Activities Policy stated: (1) "[t]he Library is a limited public forum dedicated to the peaceful study and enjoyment of visitors free from disturbance and unauthorized free speech activities by others,"[16] and (2) "the Library will not permit free speech activities inside the Library that would interfere with study and enjoyment of visitors of the Library."[17]  The Library channeled any free speech activities outside: "speakers are permitted to engage in free speech activities outside of the Library in the public right-of-way."[18]  The Free Speech Activities Policy defines a "free speech activity" as including "holding or carrying signs, protesting, [or] using expressive conduct or speech."[19]  That policy also sets out enforcement procedures.  Patrons violating this policy receive an oral warning from Library staff; patrons who, despite the warning, continue violating the policy are asked to leave the Library's premises; and if a patron who has been warned and asked to leave declines to leave, Library staff calls the Lawrence Police Department and reports that the patron was trespassing.[20]

---

[15] Doc. 109-4 at 1.

[16] Doc. 109-12 at 3.

[17] *Id.*

[18] *Id.* at 4.

[19] *Id.* at 3.

[20] *Id.* at 4.

Also on November 25, 2024, the Library revised its Public Event, Reservable Room, and Community Bulletin Board policies.  The Library revised the Public Event Policy to add language stating:

> A library event is a limited public forum unless otherwise indicated in event promotional materials.  As such, the Library has the authority to regulate speakers on a time, place, and manner basis.  The Library designates those producing and speaking at a library event as sponsors and designated partners who are allowed to express themselves during a library event.  Attendees, other than the sponsor(s) and designated partner(s), must abide by the Free Speech Activities Policy.[21]

The Reservable Room Policy addresses private events.  The revised policy states that at those private events, "event attendees must abide by the Free Speech Activities Policy," which prohibits holding or carrying signs, unless the event's sponsors waive that requirement for attendees.[22]  The Reservable Room Policy was revised to add language exempting from the Free Speech Activities Policy sponsors and their partners of events not sponsored by the Library, and allowing those sponsors to waive the policy.

The revised Community Bulletin Board Policy added: "Materials submitted for posting should be no larger than 11x17"; and stated that smaller posters and flyers are accepted and encouraged.  "All submissions must include the name of and contact information for the sponsoring agency and/or its authorized representative" and "Appeal Process Patrons may appeal and challenge the decline or removal of their content by contacting the Library Executive Director and/or Deputy Director."[23]

---

[21] Doc. 107 at 3.

[22] Doc. 109-12 at 7.

[23] *Id.*

The Library may ban patrons from the Library, depending on the seriousness of the patron's violative conduct.  The type of offense and frequency of the offense determines the length of the ban.  For example, the first occurrence of verbally threatening another patron with violence results in a one- to three-month ban; the fourth occurrence results in a year-long ban.  The first occurrence of "disregarding the reasonable direction of staff" results in a warning or being asked to leave; the third occurrence yields a one-week ban.[24]

### *Application of Library Policies to Plaintiff*

The Library instructed Plaintiff to leave the Library (1) on May 17 and June 11, 2023 for violating the Behavior Policy; (2) on November 25, November 26, December 1, 2024, and March 27, 2025 incident for violating the Free Speech Activities Policy; and (3) on March 31, 2025 incident for violating an active ban the Library had imposed on him on March 27.

### *1.      Behavior Policy Violations*

Plaintiff attended two events at the Library on May 17 and June 11, 2023.  At each, he displayed signs, and individual Defendants instructed him to remove the signs or to leave the Library.  He did neither.  Officers from the Lawrence Police Department eventually arrived, and Plaintiff left on both occasions.

On May 17, 2023, Kansas Legal Services held an information session open to the public in the Library's auditorium "about current pathways to making gender marker changes" on state-issued documents.[25]  Plaintiff entered the Library with a sign that read "if you have a dick, you're not a chick," and he attempted to enter the auditorium with the sign.  An individual associated with Kansas Legal Services blocked Plaintiff's entrance to the event by standing in

---

[24] Doc. 109-16 at 1.

[25] Doc. 107 at 2.

6

front of the auditorium's doors, explaining that Plaintiff could not enter with the sign. In
addition, Defendants Kearns, Star, Veloz, Morgan, Taylor, Mathews, and Allen gathered around
Plaintiff and informed him that he could not attend the event if he caused a disruption and that if
he intended to display the signs he would have to do so outside. Defendants understood
displaying the sign to be a form of protest that was disruptive and thus a violation of the
Library's Behavior Policy.[26]

Following this dispute, the host of the Kansas Legal Services' event, asked Morgan
whether she could make the event private, so that the organization could exclude the general
public from attending the event. Morgan confirmed this option, and the Kansas Legal Services
representative rented the auditorium for the event, making the event private. Even so, Plaintiff
remained with his sign in the Library, but outside the auditorium where the event was being held.
Police eventually arrived and explained to Plaintiff that he could not enter the event and should

---

[26] Defendants' understanding of the Behavior Policy is supported by Allen's and Morgan's declarations.
*See* Docs. 109-2 ¶ 4; 109-5 ¶ 8. Plaintiff attempts to controvert this fact by arguing that the declarations are
argumentative and "lack. . . . foundation as the Library's Board of Trustees is the entity authorized to create Library
Policy." The Court overrules both objections. The declarations are not argumentative; to the contrary, they provide
relevant information. *See* Fed. R. Evid. 401. Additionally, under Fed. R. Evid. 602, the declarants "may testify to a
matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the
matter." The witness's own testimony can provide evidence of personal knowledge. Fed. R. Evid. 602. These
declarants clearly have personal knowledge about their own understanding of the Library's policies.

Plaintiff also argues that "the statements . . . [are] not what was stated to Dr. Spiehs at the time of the
occurrence." Doc. 114 at 2. He does not, however, point to any material in the record showing what statements
Library staff stated to him *during the occurrence*. First, he notes that "the dialogue from the video specifically stated
Library staff said it was the words and message on Dr. Spiehs' sign." Doc. 114 at 2. But he does not cite with
particularity to any of the several videos in the record to support that assertion, let alone a specific timestamp
citation to the several hours of video footage in the record. *See* Fed. R. Civ. P. 56(c)(1)(A). The Court will not dig
through the record to find such a reference. Second, Plaintiff points to his own affidavit stating that the Library's
"Patron Incident Tracking System" ("PITS") included no report characterizing his signs as "disruptive,"
"interference," or "disturbance." *See* Doc. 114-2. But the undisputed facts show that the first PITS report for
Plaintiff was for the November 25, 2024 incident. *See* Doc. 109-13 at 1; Doc. 109-2 ¶ 9. The PITS database
included no report characterizing his signs as disruptive for the May 17 or June 11 incidents. Because Plaintiff has
failed to cite with particularity to the record and, at best, raises only a "metaphysical doubt" as to Defendants'
factual assertion, he has failed to controvert Defendants' evidence about their understanding of the Behavior Policy.
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

leave to avoid a trespass violation.  Plaintiff did so and chose to display his signs outside the Library.

On June 11, 2023, an event titled "Deja's Reading Rainbow" was held in the Library's auditorium.  Plaintiff entered the Library with signs reading "Stop Grooming Kids" and "This is Wrong," and he attempted to attend the event.  Defendant Star told Plaintiff that he could not be disruptive or display the sign at the event.  To comply with that instruction, Plaintiff stowed his signs in his companion's purse and entered the event.  But once inside, he removed the signs from the purse and displayed them.  This disrupted the event, so Star asked Plaintiff to leave because he violated the Behavior Policy by "disturb[ing] others' use of the library."[27]

### 2.    *Free Speech Activities Policy Violations*

Plaintiff entered the Library four times to display signs in the main reading area of the Library.  Each time, library staff asked him to remove the signs because they violated the Library's Free Speech Activities Policy.[28]

On November 25, 2024, the Library held a public meeting during which it promulgated the Free Speech Activities Policy and revised several existing policies and guidelines.  Plaintiff attended this meeting, and after it concluded, he stood next to another Lawrence citizen, Michael Eravi, in the Library's primary reading area while holding a sign reading, "Free Speech died here tonight, ask me how."  Eravi held a paper with the Library's new Free Speech Activities Policy on it.  Library employee John Ratzlaff asked Plaintiff to put away his sign, but did not ask Eravi

---

[27] Plaintiff has attempted but failed to controvert this factual assertion for the same reasons explained in the previous footnote.

[28] Defendants largely rely on the PITS reports to support their assertions regarding Plaintiff's behavior on these several occasions.  Plaintiff objects to their reliance on the PITS reports in part because they "contain[] no foundation as to being sworn under oath or true, and how they purport to know."  *See, e.g.*, Doc. 114 at 4.  But Plaintiff has already stipulated to the reports' admissibility in the Pretrial Order.  *See* Doc. 107 at 4.  His objection is therefore overruled.

to do the same.  Plaintiff declined.  Ratzlaff asked again; Plaintiff again declined.  So Ratzlaff

asked Plaintiff to leave the building, and because Plaintiff refused to leave, Ratzlaff called the

Lawrence Police Department.  Plaintiff eventually left.

On November 26, Plaintiff entered the Library and again stood in the Library's main

reading area with the same sign.  Star told Plaintiff that he could not display the sign, and

Plaintiff refused to put it away.  Star called the Lawrence Police Department to remove Plaintiff.

He eventually left.

On December 1, Plaintiff again entered the Library and displayed a sign in the Library's

primary reading room.  This time he had a different sign: a large blank poster.  Allen called the

Lawrence Police Department to ask how the Library should handle protestors in the Library.

Officers arrived and spoke with Plaintiff.  He eventually left.

On March 27, 2025, the Lawrence–Douglas County Public Health Department rented the

Library's auditorium to hold a private event.  Plaintiff attended that event, and because it was a

private event and the sponsor allowed him to display his sign, he was allowed to display his sign

at the event.  After the event concluded, Plaintiff remained in the Library and stood in the

Library's entrance holding a sign that read: "This library uses LPD violence to stop free

speech."[29]  Ratzlaff asked Plaintiff to remove his sign, and Plaintiff refused.  Ratzlaff then asked

Plaintiff to leave, but he refused that direction, too.  So Ratzlaff called the Lawrence Police

Department once more to remove Plaintiff.  Plaintiff later left the Library.  This incident resulted

in the Library imposing a one-week ban of Plaintiff from the Library.

---

[29] Doc. 112-2 ¶ 49.

### 3.     *Enforcement of Library Ban*

The Library did not inform Plaintiff of its March 27, 2025 ban before Plaintiff arrived at the Library on March 31 for an event hosted by the American Civil Liberties Union in the Library's auditorium.  Plaintiff again arrived with a sign—this one declaring that "Trump is right: if you are born with a dick then you are not a chick."[30]  But because the ban was still active, Library staff informed Plaintiff that his Library privileges had been suspended and he therefore must leave the Library.  Plaintiff refused.  A member of the Library staff then explained that if he needed to call the Lawrence Police Department to remove Plaintiff, then Plaintiff's suspension would be heftier this time—a three-month suspension.  Plaintiff remained undeterred.  So the Library staff called the police, who arrived and eventually told Plaintiff that he needed to leave or face a potential trespass charge.  He left.

## III.     Discussion

The Pretrial Order was entered in this case on April 25, 2025, less than one month before the summary-judgment deadline.[31]  The Pretrial Order "controls the course of the action unless the court modifies it."[32]  "Claims, issues, defenses, or theories of damages not included in the pretrial order are waived."[33]  It is true that the Pretrial Order should be "'liberally construed to cover any of the legal or factual theories that might be embraced by their language.'  But the

---

[30] *Id.* ¶ 50.

[31] Doc. 107.

[32] Fed. R. Civ. P. 16(d).

[33] *Zenith Petroleum Corp. v. Steerman*, 656 F. App'x 885, 887 (10th Cir. 2016) (quoting *Cortez v. Wal-Mart Stores, Inc.*, 460 F.3d 1268, 1276–77 (10th Cir. 2006)).

primary purpose of pretrial orders is to avoid surprise by requiring parties to 'fully and fairly disclose their views as to what the real issues of the trial will be.'"[34]

According to the Pretrial Order, Plaintiff asserts the following counts under 42 U.S.C. § 1983 against Defendants: (1) a First Amendment facial vagueness challenge to the Library's Free Speech Activities Policy, Behavior Policy, Exhibit and Display Policy, Community Bulletin Board, and Reservable Room Guidelines; (2) an as-applied challenge to the same policies identified in Count 1; (3) First Amendment retaliation; (4) First Amendment content- and viewpoint-discrimination as-applied to him; and (5) a facial and as-applied Fourteenth Amendment equal-protection challenge to the Library's policies. He brings all claims against the Library in its official capacity; he brings Counts 2 through 5 against the individual Defendants in their individual capacities. Plaintiff is bound by the claims and factual assertions alleged in the Pretrial Order, and the Court declines to entertain his arguments in the summary judgment briefing that expand those assertions.[35]

Defendants move for summary judgment on all claims in this matter. First, they argue that Plaintiff lacks standing to challenge Library policies that were not applied to him, as alleged in Counts 1 and 2. The individuals invoke qualified immunity on the individual-capacity claims. The Library moves for summary judgment on the official-capacity claims on the basis that there is no underlying constitutional violation. Plaintiff moves for partial summary judgment on Defendants' "defenses." The Court considers the parties' arguments on each claim in turn.

---

[34] *Id.* (quoting *Trujillo v. Uniroyal Corp.*, 608 F.2d 815, 818 (10th Cir. 1979), and *Cortez*, 460 F.3d at 1276).

[35] *See* Doc. 114, Pl.'s Additional Statement of Facts ¶¶ 28–29 (describing incident with David Baston); *id.* at ¶¶ 31–32 (detailing December 9, 2024 incident); *Leathers v. Leathers*, 856 F.3d 729, 760 (10th Cir. 2017) ("Claims or theories that are not included in the pretrial order usually are waived."); *Washington v. Unified Gov't of Wyandotte Cnty., Kan.*, 847 F.3d 1192, 1202 (10th Cir. 2017) (finding no abuse of discretion when district court "confine[s] the issues to those in the pre-trial order.").

## A.     Standing (Counts 1 and 2)

Defendants first contend that Plaintiff lacks standing to challenge the Library policies

identified in Counts 1 and 2 that were never applied to him.  Article III of the Constitution

permits federal courts to decide only "Cases" or "Controversies."[36]  Article III standing is

jurisdictional; therefore, the party seeking federal jurisdiction bears the burden to establish

standing.[37]  To have standing, Plaintiff must show that he (1) has suffered an injury-in-fact, (2)

that was "likely caused" by Defendants, and (3) that "would likely be redressed by judicial

relief."[38]  Also, he "must demonstrate standing for each form of relief sought."[39]  Plaintiff only

seeks declaratory and injunctive relief on Counts 1 and 2,[40] so he must show that he has standing

to pursue prospective relief for both claims—that he "suffer[s] a continuing injury or [is] under a

real immediate threat of being injured in the future."[41]  Although "past injuries are relevant to

showing a risk of future harm," they do not, standing alone, conclusively establish "a present

case or controversy" where the plaintiff seeks prospective relief.[42]

In the First Amendment context, a plaintiff may satisfy the standing requirement by

showing that a speech restriction "causes a separate injury: the litigant is chilled from engaging

in constitutionally protected activity."[43]  And suffering "'chilled speech[]' . . . satisfies the

---

[36] U.S. Const. art. III, § 2; *see Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013).

[37] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–31 (2021).

[38] *Id.* at 423.

[39] *Collins v. Daniels*, 916 F.3d 1302, 1314 (10th Cir. 2019) (quoting *Lippoldt v. Cole*, 468 F.3d 1204, 1216 (10th Cir. 2006)).

[40] Doc. 107 at 12.

[41] *Am. Humanist Ass'n, Inc. v. Douglas Cnty. Sch. Dist. RE-1*, 859 F.3d 1243, 1250 (10th Cir. 2017).

[42] *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

[43] *Wyo. Gun Owners v. Gray*, 83 F.4th 1224, 1239 (10th Cir. 2023).

'injury-in-fact' prong for Article III standing."[44]  A speech restriction's chilling effect will

constitute an injury-in-fact when the "chilling effect 'arise[s] from an objectively justified fear of

real consequences, which can be satisfied by showing a credible threat of prosecution of other

consequences following from the statute's enforcement."[45]  The Tenth Circuit has articulated

three factors that determine "whether a plaintiff has sufficiently alleged a chilling effect that

amounts to a cognizable injury."[46]  Plaintiffs can show a chilling effect by:

> (1) evidence that in the past they have engaged in the type of
> speech affected by the challenged government action; (2) affidavits
> or testimony stating a present desire, though no specific plans, to
> engage in such speech; and (3) a plausible claim that they presently
> have no intention to do so *because of* a credible threat that the
> statute will be enforced.[47]

A plaintiff need not, however, "satisfy the *Walker* factors at all to establish standing; they merely

help . . . resolve the core question," which remains whether the chilling effect amounts to an

injury-in-fact.[48]

Plaintiff lacks standing to bring his claims for prospective relief on Counts 1 and 2.  At

the outset, the Court notes that Plaintiff does not respond to Defendants' standing argument,

which Plaintiff bears the burden to establish.  His failure to respond alone warrants dismissal of

Counts 1 and 2 to the extent they are based on policies that have not been applied to him.[49]

---

[44] *Id.* (quoting *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1160 (10th Cir. 2023)).

[45] *Oliver*, 57 F.4th at 1160 (10th Cir. 2023) (quoting *D.L.S. v. Utah*, 374 F.3d 971, 975 (10th Cir. 2004)).

[46] *Wyo. Gun Owners*, 83 F.4th at 1239.

[47] *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1089 (10th Cir. 2006) (emphasis in original).

[48] *Wyo. Gun Owners*, 83 F.4th at 1239; *Rio Grande*, 57 F.4th at 1160 ("*Walker* acknowledged circumstances might satisfy the relatively relaxed standard for an injury-in-fact on a chilled speech claim without meeting all the *Walker* factors.")

[49] *See Tyler v. U.S. Dep't of Educ. Rehab. Servs. Admin.*, 904 F.3d 1167, 1175 n.4 (10th Cir. 2018) (finding that plaintiff waived any argument for standing by "fail[ing] to address its standing to bring the . . . claim"); *Cuesta v. SMT Holdings, Inc.*, No. 21-cv-3094, 2022 WL 15516990, at *7 (D. Colo. Oct. 27, 2022) ("Plaintiff's failure to respond to Defendant's standing challenge warrants dismissal of Plaintiff's sole claim against [it].").

13

Dismissal is also warranted because the record does not support Plaintiff's standing to obtain the prospective relief he seeks on Counts 1 and 2 as to any of the Library's policies.

First take the policies that *have not* been applied to Plaintiff—the Exhibit and Display Policy, Community Bulletin Board Policy, and Reservable Room Policy. All of the *Walker* factors weigh against finding a cognizable injury-in-fact. First, Plaintiff has not engaged in the type of speech that any of those policies cover. There is no evidence in the record that Plaintiff attempted to use a Library "exhibit space to showcase [his] work,"[50] under the Exhibit and Display Policy; to post information on the "public bulletin board space" or to "passive[ly] distribut[e] materials"[51] at the Library under the Community Bulletin Board Policy; or to reserve the Library's "auditorium, meeting rooms, [or] study rooms."[52] Second, Plaintiff has offered no affidavit or testimony that he has a desire to engage in speech covered by those policies. Third, the record reflects no evidence that Plaintiff has refrained from engaging in such speech because of these three policies. The Court therefore concludes that Plaintiff has not shown an injury-in-fact that would support standing for his prospective claims based on the policies that have not been applied to him.

Now take the policies that *have* been applied to Plaintiff—the Behavior Policy and the Free Speech Activities Policy. The parties do not address whether Plaintiff has standing to pursue a prospective remedy based on these policies, but the Court has an independent duty to "assure itself that it has subject matter jurisdiction" over all the claims before it.[53] Although these policies present a closer question of whether they have chilled Plaintiff's speech to confer

---

[50] Doc. 109-11 at 1.

[51] Doc. 109-12 at 1.

[52] *Id.* at 7.

[53] *Friends of Marolt Park v. U.S. Dep't of Transp.*, 382 F.3d 1088, 1093 (10th Cir. 2004).

standing for prospective relief, the Court concludes that Plaintiff has not shown a chilled effect

sufficient to confer standing to assert these claims as well. These two policies have been

enforced against Plaintiff, so the first *Walker* factor weighs in his favor. As does the second:

Plaintiff submitted an affidavit averring that:

> As I have before, I again intend on returning to the Library
> carrying and displaying the same or different messages on flags,
> paper, and cardboard. I intend to return to do things that might
> violate all of the prohibitions of panhandling, signs, protest,
> evangelize, demonstrate, things that might give me attention and
> audience in the Library, ask for signatures, donations, and
> contributions, things that might distract or otherwise interfere with
> staff and individuals so-called 'enjoyment' in this public venue, as
> well as distribute literature in that manner.[54]

But Plaintiff's affidavit proves too much: he discounts any subjective deterrence from the

Behavior Policy or Free Speech Activities Policy. And that is fatal because "standing on a

chilled-speech claim requires both subjective and objective deterrence," and subjective

deterrence requires "that the plaintiff claims to be deterred by the challenged" speech

restriction.[55] Far from saying that he has "no intention to [speak] *because of* a credible threat" of

enforcement,[56] he says the exact opposite: that he intends to speak despite any threat of

enforcement. That admission dooms his claim.

In *Rio Grande Foundation v. City of Santa Fe*,[57] the plaintiff sought prospective relief

against Santa Fe's enforcement of campaign-spending disclosure requirements.[58] The Tenth

Circuit applied the *Walker* factors to ascertain whether the plaintiff had shown an injury-in-fact

---

[54] Doc. 112-2 ¶ 51.

[55] *Rio Grande*, 57 F.4th at 1164.

[56] *Id.* (emphasis in original) (quoting *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1089 (10th Cir. 2006)).

[57] 7 F.4th 956 (10th Cir. 2021).

[58] *Id.* at 958.

through the statute's chilling effect.[59]  The Circuit concluded that the plaintiff had easily satisfied the first two factors—it had already made expenditures affected by the ordinance and had submitted an affidavit asserting that it desired to continue doing so.[60]  But, the Circuit noted, the plaintiff failed the third factor because its affidavit explained that it "fully intends to continue speaking," despite the ordinance's restriction on that speech.[61]  The plaintiff therefore never "assert[ed] that its future speech will be any more limited than it would be in the absence of [the speech restriction]."[62]  And "[w]ithout such a claim," the Circuit concluded that the plaintiff "fail[ed] to carry its burden of showing an injury-in-fact," even despite having satisfied the first two *Walker* factors.[63]  To be sure, a plaintiff need not satisfy the *Walker* factors to show an injury-in-fact through chilled speech.[64]  But Plaintiff has done more than just fail to satisfy the third factor; he has made representations *incompatible* with the "subjective deterrence" component of chilled speech.[65]  He declares that he "intend[s] on returning to the Library carrying and displaying the same or different messages on flags, paper, and cardboard."[66]  Because the policies have not chilled his speech, Plaintiff fails to show an injury-in-fact through the policies' chilling effect.[67]

---

[59] *Id.* at 959–60.

[60] *Id.* at 960

[61] *Id.* The plaintiff's complaint also averred that it "Intends to Continue Speaking" in a manner restricted by the ordinance. *Id.*

[62] *Id.*

[63] *Id.*

[64] *Wyo. Gun Owners v. Gray*, 83 F.4th 1224, 1240 (10th Cir. 2023).

[65] *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1160 (10th Cir. 2023).

[66] Doc. 112-2 ¶ 51.

[67] The Court acknowledges that a Plaintiff can show standing for a prospective remedy with either a continuing injury *or* "a real immediate threat of being injured in the future." *Am. Humanist Ass'n, Inc. v. Douglas Cnty. Sch. Dist. RE-1*, 859 F.3d 1243, 1250 (10th Cir. 2017).  Plaintiff's clear intention to violate the Library's Policies in the future could arguably show that he faces an immediate future threat of injury.  But that same scenario

Plaintiff therefore lacks standing to pursue his claims for declaratory and injunctive relief as to any of the Library's policies challenged in Counts 1 and 2. Even setting aside his failure to respond to Defendants' standing challenge, the record does not show that the policies have chilled his speech. So he has failed to show "a continuing injury or . . . a real immediate threat of being injured in the future."[68] And without that prospective injury-in-fact, he lacks standing to pursue his claims for prospective relief. The Court therefore dismisses Counts 1 and 2 for lack of standing.

### B.    Individual-Capacity Claims

A defendant sued in his individual capacity may be able to assert personal immunity defenses such as qualified immunity.[69] "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions."[70] To this end, qualified immunity shields government officials from liability for money damages unless the plaintiff shows that the official violated a federal statutory or constitutional right, and that the right the official violated was "clearly established" at the time of the challenged conduct.[71]

The individual Defendants move for summary judgment on Plaintiff's individual-capacity claims against them for money damages on the grounds of qualified immunity. Thus, "the onus is on the plaintiff to demonstrate '(1) that the official violated a statutory or

---

arose in *Rio Grande*, and the Court concluded that a clear intention to violate the speech restriction did not confer standing. *Rio Grande Found. v. City of Santa Fe*, 7 F.4th 956, 960–61 (10th Cir. 2021).

[68] *Am. Humanist Ass'n, Inc.*, 859 F.3d at 1250.

[69] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

[70] *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).

[71] *Id.* at 735 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Scott v. Hern*, 216 F.3d 897, 910 (10th Cir. 2000) (quoting *Greene v. Barrett*, 174 F.3d 1136, 1142 (10th Cir. 1999)).

constitutional right, *and* (2) that the right was "clearly established" at the time of the challenged conduct.'"[72]  Defendants will prevail on the qualified immunity defense if Plaintiff fails to establish either prong of the this  test.[73]  In making this determination, the Court "ordinarily accept[s] the plaintiff's version of the facts . . . but 'because at summary judgment we are beyond the pleading phase of the litigation, [the] plaintiff's version of the facts must find support in the record.'"[74]

With these standards in mind, the Court first addresses Count 4 alleging content and viewpoint discrimination.  Next, the Court addresses the retaliation claim.  And finally, the Court addresses the equal protection claim.

### 1.     Count 4: Content and Viewpoint Discrimination

The individual Defendants are entitled to qualified immunity on Count 4 because Plaintiff has failed to demonstrate the first step of the qualified immunity analysis: the violation of a federal right.  Count 4 alleges an as-applied challenge to the Library's speech restrictions; the Pretrial Order does not include a facial or overbreadth challenge to the Library's policies.  Therefore, the Court evaluates the restrictions in light of "the factual context in which the [policies] were applied."[75]  Defendants applied the Behavior Policy's prohibition on conduct that "disturbs others' use of the library" during the May 11 and June 17, 2023 events to Plaintiff because he was holding and displaying signs in the Library.  Defendants also applied the Free Speech Activities Policy's prohibition on "holding or carrying signs" during the November 25, November 26, December 1, 2024, and March 27, 2025 incidents against Plaintiff's holding and

---

[72] *Johnson v. City of Cheyenne*, <u>99 F.4th 1206, 1217</u> (10th Cir. 2024) (quoting *Quinn v. Young*, <u>780 F.3d 998, 1004</u> (10th Cir. 2015)).

[73] *Id.* (quoting *A.M. v. Holmes*, <u>830 F.3d 1123, 1134</u>–35 (10th Cir. 2016)).

[74] *Id.* (second and third alteration in original) (quoting *A.M.*, <u>830 F.3d at 1136</u>).

[75] *Galbreath v. City of Oklahoma City*, <u>568 F. App'x 534, 539</u> (10th Cir. 2014).

displaying signs in the Library.  These policies were therefore all applied to Plaintiff's holding and displaying signs in the Library.

To analyze a First Amendment challenge, courts follow three-steps: (1) determining whether the speech in question is protected; (2) identifying the status of the forum "because that determination dictates the extent to which the government can restrict First Amendment activities"; and (3) determining "whether the proffered justifications for prohibiting speech in the forum satisfy the requisite standard of review."[76]  Here, it is undisputed that Plaintiff's speech was protected under the First Amendment.

The parties disagree about the status of the forum.  The Supreme Court identified three categories of government property in *Perry*:

> (1) traditional public fora ("streets and parks which have immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions"); (2) designated public fora ("public property which the State has opened for use by the public as a place for expressive activity"); and (3) nonpublic fora ("[p]ublic property which is not by tradition or designation a forum for public communication").[77]

The Court later identified a "limited public forum" category, but its use of that term "has been inconsistent."[78]

Defendants contend that the Library is a "designated public forum for a limited purpose,"[79] and Plaintiff contends that it is a designated public forum.[80]  The Tenth Circuit

---

[76] *Verlo v. Martinez*, 820 F.3d 1113, 1128 (10th Cir. 2016) (citing *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 797 (1985)).

[77] *Doe v. City of Albuquerque*, 667 F.3d 1111, 1128 (10th Cir. 2012) (quoting *Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 45–46 (1983)).

[78] *Id.*

[79] Doc. 109 at 13–15.

[80] Doc. 112 at 16.

"recognize[s] that the boundary between a designated public forum for a limited purpose . . . and a limited public forum . . . is far from clear."[81]  Despite the language in the Free Speech Activities Policy, Defendants do not argue in their briefing that the Library is a limited public forum.  In their briefing, Defendants concede that for purposes of determining the appropriate level of scrutiny to apply, the Library should be considered a designated public forum.[82]

In a designated public forum, the level of scrutiny depends on whether the restriction is content neutral or content based.  If the policy is content based, then it must "satisfy strict scrutiny, that is, the restriction must be tailored to serve a compelling government interest."[83]  If the policy is content neutral, then it need only meet intermediate scrutiny[84]—that is, the restriction must (1) "serve a significant government interest," (2) be "narrowly tailored to advance that interest," and (3) "leave open ample alternative channels of communication."[85]  Because neither party disputes that intermediate scrutiny applies to these content-neutral speech restrictions, the Court will evaluate them under intermediate scrutiny.[86]

First, the undisputed facts show that the policies serve a significant government interest—upholding and protecting Library patrons' access to information, study, and quiet contemplation.  In protecting its patrons' activities, the Library ensures that they may enjoy the

---

[81] *Doe*, 667 F.3d at 1129.

[82] *See Summum v. Callaghan*, 130 F.3d 906, 916 n.14 (10th Cir. 1997) ("[A] designated public forum for a limited purpose and a limited public forum are not interchangeable terms.").

[83] *Verlo v. Martinez*, 820 F.3d 1113, 1134 (10th Cir. 2016) (quoting *Pleasant Grove v. Summum*, 555 U.S. 460, 469 (2009)).

[84] *Brewer v. City of Albuquerque*, 18 F.4th 1205, 1220 (10th Cir. 2021).  This level of scrutiny is sometimes referred to as "the *Ward* test."  *See Doe v. City of Albuquerque*, 667 F.3d 1111, 1116 (10th Cir. 2012)).

[85] *Verlo*, 820 F.3d at 1134 (quoting *Doe*, 667 F.3d at 1131).

[86] *See* Doc. 112 at 17 ("The speech rules the Library has enacted and enforced against Dr. Spiehs are therefore subject to a content-neutral time, place, and manner restrictions."); Doc. 109 at 15 ("The Library's policies satisfy each element" of intermediate scrutiny that applies to content-neutral regulations).

Library's very purpose—the First Amendment right to receive information.[87]  Indeed, the Tenth

Circuit has noted that libraries are "opened for particular forms of expressive activity, including

receiving information and 'reading, writing or quiet contemplation,'"[88] but "are not designated

for other First Amendment activities, such as speech or debate."[89]  In addition to the Library's

various offerings of books and media, the Library also holds informational and learning

opportunities that implicate patrons' access to information.  So the rationale still holds even if

Plaintiff's signs disturbed an informational or learning opportunity and not quiet contemplators

actively reading: prohibiting the carrying and displaying of signs avoids disrupting visitors to the

Library who may wish to attend those events.[90]  Facilitating the patrons' enjoyment of those First

Amendment activities is a significant government interest.

Second, the restrictions are narrowly tailored to advance the Library's interest in

protecting others' access to information, study, and quiet contemplation.  Though narrow

tailoring is redolent of strict scrutiny's precise ends-mean fit, the requirement is softened in the

intermediate-scrutiny context applied to content-neutral restrictions.[91]  "[T]o be narrowly

tailored, [the restriction] must not burden substantially more speech than is necessary to further

the government's legitimate interests."[92]  So "[i]n other words, the government 'may not regulate

---

[87] *Doe v. City of Albuquerque*, 667 F.3d 1111, 1131 (10th Cir. 2012) (recognizing that the First Amendment's right to receive information affords some level of access to the public library); *Neinast v. Bd. of Trs. of Columbus Metro. Library*, 346 F.3d 585, 591 (6th Cir. 2003) (same).

[88] *Doe*, 667 F.3d at 1131 (quoting *Kreimer v. Bureau of Police for Town of Morristown*, 958 F.2d 1242, 1264 (3d Cir. 1992)).

[89] *Id.* at 1129.

[90] *See Kreimer*, 958 F.2d at 1263 ("Prohibiting disruptive behavior is perhaps the clearest and most direct way to achieve maximum Library use.").

[91] *McCullen v. Coakley*, 573 U.S. 464, 486 (2014) ("[A content-neutral] regulation . . . 'need not be the least restrictive or least intrusive means of' serving the government's interests." (quoting *Ward v. Rock Against Racism*, 492 U.S. 781, 799 (1989))).

[92] *Brewer v. City of Albuquerque*, 18 F.4th 1205, 1221 (10th Cir. 2021) (quoting *McCraw v. City of Oklahoma City*, 973 F.3d 1057, 1071 (10th Cir. 2020)).

expression in such a manner that a substantial portion of the burden on speech does not serve to advance its goals.'"[93]  The Behavior Policy's prohibition on conduct that disturbs others' access to the Library is precisely tailored to achieve the significant government interest it serves—to avoid disrupting other patrons' access to information at the library.  Here, the means and end have a one-to-one correlation: in order to avoid disruptions, the Behavior Policy prohibits speech that would disrupt others' use of the Library.  The challenged portion of the Free Speech Activities Policy circumscribes its prohibition even more narrowly to "holding or carrying signs," inside the Library[94]

Third, the Library's Behavior and Free Speech Activities policies leave open alternative channels for communication.  Several Defendants informed Plaintiff that though he could not display his signs inside the Library, he could do so in the outdoor right-of-way leading into the Library.  The Library also has a policy that permits patrons to display flyers and other informational displays on the community bulletin board.

The restrictions on displaying signs pass constitutional muster.  The parties agree that the scrutiny appropriate to a designated public forum applies, and the content-neutral restrictions here satisfy that scrutiny because they serve a significant government interest, are narrowly tailored, and leave open ample alternative channels for communication.  Plaintiff has therefore failed to show that the individual Defendants violated a federal right by prohibiting him from displaying and holding signs in the Library, so they are entitled to qualified immunity.  The Court grants summary judgment for the individual Library Defendants on Count 4.

---

[93] *Id.* (quoting *Evans v. Sand City*, 944 F.3d 847, 856 (10th Cir. 2019)).

[94] Doc. 109-12 at 3.

2.      **Count 3: Retaliation**

In Count 3, Plaintiff alleges that he was engaged in constitutionally protected activity in associating, attending, and communicating while at the Library.  He further alleges that Defendants' actions in prohibiting his attendance, stopping his speech, and having him removed from the Library caused him to suffer injuries that would chill a person of ordinary firmness from continuing to engage in that protected activity, and that Defendants were substantially motivated by retaliation.

To bring a successful free-speech retaliation claim, Plaintiff must show:

> (1) that [he] was engaged in constitutionally protected activity, (2) the defendant's actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that protected activity, and (3) the defendant's actions were substantially motivated as a response to [his] protected conduct.[95]

As explained above, Plaintiff's act of holding and displaying signs in the Library was not a constitutionally-protected activity because he did so in violation of the Library's Behavior and Free Speech Activities policies.  Because the undisputed facts show that Plaintiff was not engaged in constitutionally-protected activity, Defendants did not retaliate against him for exercising his constitutional rights.  The individual Defendants are therefore entitled to qualified immunity on the retaliation claim.

3.      **Count 5: Equal Protection**

In Count 5, Plaintiff contends that the individual Defendants discriminated against him when they called police to remove him—but not David Basten or Michael Eravi—from the Library for violating the Library's policies.  An equal protection claim ordinarily challenges

---

[95] *VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1172 (10th Cir. 2021) (quoting *McBeth v. Himes*, 598 F.3d 708, 727 (10th Cir. 2010)).

"governmental action that disproportionally burdens certain classes of citizens."[96]  In *Village of Willowbrook v. Olech*, however, the Supreme Court carved out a successful "class-of-one" equal protection claim when a plaintiff shows that he "has been treated differently from others similarly situated and that there is no rational basis for the difference in treatment."[97]  Plaintiff faces a heavy burden in making this claim, though, because he must show that others "'similarly situated in *every material respect*[,]' were treated differently."[98]

Plaintiff fails to show that he was similarly situated in every material respect to other speakers who displayed signs but did not have the Library policies enforced against them.  As explained above, Plaintiff omitted from the Pretrial Order facts that he now relies on to make out his equal protection claim.  Indeed, the only incident of unequal treatment mentioned in the Pretrial Order is the one with Eravi on November 25, 2024.  And for that reason alone, the Court need not consider Plaintiff's new factual allegations.  But even taking those additional facts into account, they do not demonstrate that Plaintiff was similarly situated to Basten during the December 1, 2024 incident or to Eravi on the November 25 or December 9 incidents.  As for Basten, Plaintiff explains that they were similarly situated because Basten entered the Library "carrying a paper with a message," and Plaintiff also entered "carrying his paper," yet Library staff called the police to remove Plaintiff for violating the Free Speech Activities Policy but not Basten.  But the record reflects a difference in the "papers" they held: Plaintiff's own affidavit explains that Basten displayed "a paper," while Plaintiff displayed a "piece of 22 x 28 inch

---

[96] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215–16 (10th Cir. 2011).

[97] 528 U.S. 562 (2000) (per curiam).

[98] *A.M. v. Holmes*, 830 F.3d 1123, 1167 (10th Cir. 2016) (quoting *Kan. Penn Gaming*, 656 F.3d at 1216).

cardboard."[99]  Basten and Plaintiff therefore chose different methods to communicate their message—a material difference in their situations.

Nor does Plaintiff show that he was similarly situated to Eravi.  As with Basten, Plaintiff and Eravi chose different methods of communication.  On November 25, Eravi held up a regular-sized 8.5 x 11 inch piece of paper; Plaintiff a larger 11 x 16 inch piece of paper.[100]  Those different sizes again show a material difference in whether each displayed and held a sign or not.  On December 9, Eravi draped a flag around his shoulders; Plaintiff held one out in front of him.  Library staff asked Plaintiff to take away his flag but not Eravi.  Again, the manner that each displayed the flag was materially different: one draped the flag around his shoulders as an ostensible article of clothing, while the other displayed the flag as a demonstration.  Plaintiff therefore fails to show a genuine factual dispute that he was similarly situated in every material respect to Basten and Eravi.

Even assuming that Plaintiff was similarly situated in every material respect as other speakers, he has failed to show that the individual Defendants lacked a rational basis in asking him to put away his sign but not others.  The individual Defendants need only have a rational basis for treating Plaintiff differently than those other speakers.[101]  As the Court explained above, the Library has a significant governmental interest in its Free Speech Activities Policy—avoiding disruptions to its patrons' access to and use of the Library.  The individual Defendants determined that Plaintiff's display of large signs and a flag violated the Library's Free Speech Activities Policy, while displaying a piece of paper and draping a flag around one's shoulders did not.

---

[99] Doc. 112-2 ¶ 47.

[100] *Id.* ¶ 42.

[101] *Holmes*, 830 F.3d at 1167 (quoting *SECSYS, LLC v. Vigil*, 666 F.3d 678, 688–89 (10th Cir. 2012)).

In sum, Plaintiff fails to demonstrate that he was similarly situated to other speakers against whom the policies were not enforced in every material respect, nor does he show that the individual Defendants did not have a rational basis for treating Plaintiff different from other speakers.  Because Plaintiff fails to show Defendants violated his equal protection rights, the Court grants the individual Defendants summary judgment on their qualified immunity defense.

### C.    Official-Capacity Claims

Plaintiff brings the same claims against the Library's Board of Directors in their official capacity as he raises against the individual Defendants: (1) First Amendment content and viewpoint discrimination, (2) First Amendment retaliation, and (3) equal protection.  Under *Monell v. Department of Social Services of the City of New York*,[102] an injured plaintiff may hold a municipal entity liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."[103]  The claim has three general requirements: (1) an underlying injury to a constitutional right of the plaintiff; (2) a municipal policy or custom, and (3) a direct causal link between the policy or custom and the injury.[104]  "A municipality may not be held liable where there was no underlying constitutional violation by any of its officers."[105]

All of Plaintiff's remaining claims against the Library fail because the undisputed facts show that no Defendant inflicted an injury to his constitutional rights.[106]  Plaintiff's forum-status claim—Count 4—stumbles because the sign prohibitions are content-neutral speech restrictions

---

[102] 436 U.S. 658 (1978).

[103] *Id.* at 694.

[104] *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013).

[105] *Feen v. City of Truth or Consequences*, 983 F.3d 1143, 1150 (10th Cir. 2020) (quoting *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)).

[106] *See id.* (quoting *Hinton*, 997 F.2d at 782).

that survive intermediate scrutiny.  Plaintiff's retaliation claim fails because he was not engaged in constitutionally-protected activity.  And his equal protection claim founders because he failed to demonstrate that he was similarly situated in all material respects to other sign holders against whom the restrictions were not enforced, or that the individual Library Defendants lacked a rational basis for treating Plaintiff differently from other speakers.  Because Plaintiff did not suffer a constitutional injury, the Library is entitled to summary judgment on the official-capacity claims.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Summary Judgment (Doc. 108) is **granted** and Plaintiff's Motion for Partial Summary Judgment (Doc. 111) is **denied**.  The Clerk is directed to enter judgment in favor of Defendants and terminate this action.

**IT IS SO ORDERED.**

Dated: September 3, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

# United States District Court

-------------------------- DISTRICT OF KANSAS----------------------------

JUSTIN SPIEHS,

        Plaintiff,

v.                            Case No:  24-4016-JAR

KATHLEEN MORGAN, et al.,

        Defendants.

## JUDGMENT IN A CIVIL CASE

☐    Jury Verdict.  This action came before the Court for a jury trial.  The issues have been tried and the jury has rendered its verdict.

☒    Decision by the Court.  This action came before the Court.  The issues have been considered and a decision has been rendered.

    **IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Summary Judgment (Doc. 108) is **granted** and Plaintiff's Motion for Partial Summary Judgment (Doc. 111) is **denied**.

    **IT IS SO ORDERED.**

 

                                   SKYLER B. O'HARA
Dated: September 3, 2025            CLERK OF THE DISTRICT COURT

                                   by:  *s/ Sarah Spegal*
                                       Deputy Clerk